UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIO RAFAEL FIGUEROA MUNOZ,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

_________________________________/

Civil No. 05-72184
Criminal No. 02-81149-09

HON. AVERN COHN

**MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255**

I. Introduction

This is a habeas case under 22 U.S.C. § 2255. Petitioner Julio Rafael Figueroa Munoz (Petitioner) pled guilty to conspiracy to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 841, and was sentenced to 37 months imprisonment. Petitioner submitted a pro se letter which the Court construed as a motion under § 2255 and directed the government to file a response.

Petitioner claims that he is incarcerated in violation of his constitutional rights. Petitioner appears to claim that the Bureau of Prisons has failed to give him credit for time served on a state conviction even though the Court stated that his federal sentence shall run concurrent with his state sentence. The government reads the motion differently. The government says that Petitioner is claiming that his prior state felony drug conviction in Arizona for attempted possession of marijuana for sale should have precluded the charges to which he plead guilty, thereby intimating a double

jeopardy violation, and also a claim that his did not admit to the conspiracy to distribute 1000 kilograms of marijuana. The government argues that Petitioner's claims are barred by the statute of limitations and procedural default. For the reasons that follow, the motion is DENIED.

## II. Factual Background and Procedural History

On December 19, 2002, Petitioner was charged with conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana between January 1999 and April 2002. On July 28, 2002, Petitioner plead guilty as charged under a Rule 11 agreement in which Petitioner admitted his involvement in a large scale marijuana conspiracy. The Rule 11 agreement also provided that the government recommended no more than 64 months incarceration.

On November 19, 2003, Petitioner filed a Sentencing Memorandum, arguing that his sentence should not be enhanced for possessing a gun during the search of his home and which would make him eligible for application of the "safety value" under 18 U.S.C. § 3553(3). The government objected. On March 11, 2004, the Court sentenced Petitioner to 37 months imprisonment. In reaching this sentence, the Court applied the safety value, finding the gun enhancement improper. Petitioner did not file a direct appeal.

On June 1, 2005, Petitioner filed the instant motion.

## III. Analysis

### A. General Standards

Title 28 U.S.C. § 2255 provides:

> "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail under § 2255, Nwangwu must show a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. U.S., 368 U.S. 424, 428 (1962)).

B. Statute of Limitations

28 U.S.C. § 2255 imposes a one-year limitation that runs from the latest of four events, one of which is the date "on which the judgment of conviction becomes final." Where, as here, a petitioner fails to file a direct appeal, the conviction becomes final ten days after entry of the judgment. See Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004). Here, Petitioner's judgment was entered on March 11, 2004. The one year statute of limitations began to run ten days later, on March 24, 2004. Petitioner had until March 25, 2005 in which to file his motion. Because the motion was filed on June 1, 2005, the motion is barred by the statute of limitations.

C. Procedural Default

Even assuming the motion is not time barred, the government argues that Petitioner's claims are barred by the procedural default rule because the issues were not raised on direct appeal.

The procedural default rule is often cited as barring use of § 2255 to re-litigate issues raised on direct appeal in the absence of exceptional circumstances. DuPont v. U.S., 76 F.3d 108, 100 (6th Cir. 1996). "The procedural default rule is neither a

statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Massaro v. U.S., 538 U.S. 500, 504 (2003) (unanimous). If a Petitioner fails to raise a claim on direct review, he must established both "cause" and "actual prejudice" resulting from the claimed error. United States v. Frady, 456 U.S. 152, 167-68 (1982). Petitioner also cannot use § 2255 to re-litigate issues raised on direct appeal except in highly exceptional circumstances. See DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996); Oliver v. United States, 90 F.3d 177, 180 (6th Cir.1996). See also Giraldo v. United States, 54 F.3d 776 (6th Cir.) (unpublished) ("It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law."), cert. denied, 516 U.S. 892 (1995).

2.

It is undisputed that Petitioner failed to raise any claims regarding double jeopardy or his involvement in the conspiracy before the Court or in a direct appeal. To the extent that Petitioner is raising claims of double jeopardy and his involvement in the conspiracy, these claims are barred by Petitioner's failure to raise them in a direct appeal.

3. Calculation of Petitioner's Sentence

To the extent that Petitioner claims that the Bureau of Prisons has not correctly computed his sentence because it did not give him credit for time spent in state custody from the date of his arrest, his claim fails. First of all, claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having

jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977). It is not clear that Petitioner is incarcerated in a prison within this district. Moreover, even if he is, whenever a prisoner seeks review of the BOP's calculation of his release date, he must first exhaust his administrative remedies within the BOP. See United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir. 1992). There is no evidence to show that Petitioner exhausted his administrative remedies with regard to his sentence.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 17, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2005, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager
(313) 234-5160